THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DARRIN MYLES HARTLEY, <br><br> Defendant. | CASE NO. CR20-0152-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 78) and the parties' motions to seal (Dkt. Nos. 80, 83). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the compassionate release motion and GRANTS the motions to seal for the reasons explained herein.

Defendant pleaded guilty to conspiracy to distribute controlled substances. (Dkt. Nos. 9, 30, 34.) The Court later sentenced Defendant to a custodial term of 84 months, followed by 3 years of supervised release. (Dkt. No. 64 at 2–3.) After having served a fraction of this term, Defendant moves for compassionate release, citing the Bureau of Prisons' ("BOP") inability to provide him with effective pain management. (*See generally* Dkt. No. 78.)

The Court may reduce a term of imprisonment if extraordinary and compelling reasons warrant a reduction, the defendant has exhausted his administrative rights of appeal with the BOP, the defendant would not present a danger to the community, and a reduction is consistent

with the factors articulated in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13.[1] Extraordinary and compelling circumstances include any medical condition resulting in an inability to provide self-care and/or a condition requiring long-term or specialized care which the BOP cannot (or does not) provide, *without which* a defendant is at risk of serious deterioration in health or death. USSG § 1B1.13(b)(1)(B), (C). A defendant bears the burden of making this showing. *U.S. v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Here, although Defendant presents undisputed evidence of exhaustion, (*see* Dkt. No. 79 at 4–7), he fails to establish the extraordinary and compelling circumstances required for a reduction in sentence. Defendant presents medical records supporting his contention that he suffers chronic pain. (*See* Dkt. No. 81 at 4–57.) But those records, coupled with those from the Government, (*see* Dkt. No. 84 at 2–251), <u>also</u> suggest that Defendant is receiving regular medical treatment from BOP. And while the Court empathizes with Defendant's situation, Defendant fails to establish that he is, in fact, unable to provide self-care or is at serious risk of deterioration from his condition. For this reason, the Court cannot consider a reduction in sentence at this time and, correspondingly, need not determine whether doing so would be consistent with the factors articulated in 18 U.S.C. § 3553(a).

Separately, the parties move to maintain under seal exhibits containing Defendant's medical records. (Dkt. Nos. 80, 84.) While the public has a common law right to inspect and copy public records, including those from judicial proceedings, these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less

---

[1] In *U.S. v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), the Ninth Circuit held that the Sentencing Commission's policy statement on a reduction in sentence was not "applicable" to a motion for compassionate release brought by a defendant directly to the Court. But that finding was superseded by amendments to USSG § 1B1.13. *See, e.g.*, *U.S. v. Brown*, 2023 WL 8650290, slip op. at 3 (W.D. Wash. 2023).

restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Such is the case here.

Accordingly, the Court DENIES Defendant's motion for compassionate release (Dkt No. 78) and GRANTS the parties' motions to seal (Dkt. Nos. 80, 83). The Clerk is DIRECTED to maintain Docket Numbers 81, 84, and 85 under seal.

It is so ORDERED this 13th day of May 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE